UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re | CHAPTER 7 |
| DONGHIA, INC., | CASE NO. 20-30487(AMN) |
| Debtor. | APRIL 8, 2020 |

## APPLICATION OF THE CHAPTER 7 TRUSTEE TO RETAIN AND EMPLOY MURTHA CULLINA LLP AS SPECIAL COUNSEL

Kara S. Rescia, the duly-appointed Chapter 7 Trustee of Donghia, Inc. (the "Trustee") seeks an order, pursuant to Sections 327 and 330(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and D. Conn. LBR 2014-1, authorizing the retention and employment of the firm of Murtha Cullina LLP ("Murtha Cullina") as special counsel. In support of this Application, the Trustee relies on the Affidavit of Taruna Garg attached as Exhibit A hereto ("Garg Affidavit").

In support thereof, the Trustee further represents as follows:

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On March 30, 2020 (the "Petition Date"), Donghia, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

3. On March 31, 2020, the Trustee was appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate.

4. The Trustee seeks to retain Murtha Cullina as special counsel to the Trustee pursuant to 11 U.S.C. § 327(d) to provide legal services to the Trustee while she investigates potential assets. The professional services that Murtha Cullina is expected to render to the Trustee in this case include the following:

a) Upon request of the Trustee, assist the Trustee in the recovery of assets for the estate;

b) Upon request of the Trustee, assist the Trustee with the liquidation of assets;

c) Litigation concerning the validity, priority and extent of liens and prepare agreements concerning use of cash collateral with secured claimants;

d) Review existing leases and executory contracts and advise the Trustee concerning the assumption or rejection of executory contracts; and

e) Prepare all necessary applications, motions, complaints and/or other pleadings associated with the foregoing.

5. The Trustee reserves the right to seek Court approval to expand or amend the scope of employment of special counsel.

6. The Trustee believes that Murtha Cullina is well-qualified to represent her in this case. Murtha Cullina has represented to the Trustee that all attorneys who appear on its behalf will be admitted to practice in this Court. Attorneys Robert Kaelin and Taruna Garg will perform most of the services in connection with this case. Attorneys Kaelin and Garg have substantial bankruptcy experience representing debtors, trustees, and creditors and are well-qualified to represent the Trustee in this case.

7. Subject to the Court's approval, Murtha Cullina will charge the bankruptcy estate in the Debtor's case for its legal services on an hourly basis in accordance with ordinary and customary hourly rates in effect on the date the services are rendered. Attorneys Kaelin and Garg will perform most of the services in connection with the case. Hourly rates for Attorney Kaelin

and Attorney Garg as well as other attorneys who may represent the Trustee in this case are as follows:

 Partner - Robert E. Kaelin reduced hourly rate of $490

 Partner (Intellectual Property) – Andy Corea -- $450

 Counsel - Taruna Garg - $435

 Associate - Benjamin Nissim - $395

 Associate - Matthew Ciarleglio - $345

 Associate – Chelsea Sousa - $270

Murtha Cullina's rates are adjusted as of January 1st each year.

 8. To the best of the Trustee's knowledge, and except as disclosed in the Garg Affidavit, the firm of Murtha Cullina and its individual attorneys do not have any connections with the Debtor, its creditors or any other party in interest and is a "disinterested person" as such term is defined in the Bankruptcy Code.

 9. Based on the Garg Affidavit, the Trustee believes Murtha Cullina does not represent an entity having an adverse interest to unsecured creditors in connection with this case. An affidavit executed on behalf of Murtha Cullina in accordance with section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 is attached hereto and is incorporated herein by reference.

 10. No agreement exists between Murtha Cullina and any other person for the sharing of compensation to be received by Applicant in connection with services rendered or to be rendered to the Trustee in these bankruptcy cases.

 11. Murtha Cullina is presently covered for errors and omissions under a policy of insurance. The policy is in force and the firm will continue such coverage or similar coverage

throughout the term of the engagement contemplated by the Trustee's application. I have been provided with a copy of the cover page of the insurance policy.

12. Notice of this Application has been given to the United States Trustee and all parties who have filed an electronic notice of appearance in these cases.

13. Murtha Cullina intends to apply to the Court for compensation for services rendered and reimbursement of expenses incurred post-petition in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Procedure and the guidelines of the office of the United States Trustee.

14. No previous application for the relief requested herein has been made to this or any other Court.

15. The Trustee believes that the appointment of Murtha Cullina is in the best interest of the estate because Murtha Cullina is familiar with the complex facts of this case and issues of law and will prosecute this matter to conclusion on an expedited basis.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

(a) authorizing her to retain and employ the firm of Murtha Cullina as her special counsel in the above-captioned case on the terms and conditions set forth in this Application; and granting such other and further relief as is just and proper.

Dated at Enfield, Connecticut, this 8th day of April, 2020.

KARA S. RESCIA, CHAPTER 7 TRUSTEE

By  /s/ Kara S. Rescia
Kara S. Rescia, Trustee
Federal Bar No. CT18001
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082
Tel: (860) 452-0052
Email: kara@ctmalaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| In re | (Chapter 7) |
| DONGHIA, INC., | CASE NO. 20-30487 |
| Debtor. | |

**AFFIDAVIT OF TARUNA GARG, ESQ.**
**APPLICATION OF THE CHAPTER 7 TRUSTEE TO RETAIN**
**AND EMPLOY MURTHA CULLINA LLP AS SPECIAL COUNSEL**

I, Taruna Garg, being duly sworn, depose and say:

1. I am an attorney licensed to practice in the State of Connecticut and am admitted to practice in this Court. I am Counsel at the law firm of Murtha Cullina LLP ("Murtha Cullina"), which, among other locations, maintains an office at 265 Church Street, New Haven, Connecticut. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. I submit this Affidavit as required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and D. Conn. LBR 2014-1(a) in connection with the Application of Kara S. Rescia, Chapter 7 Trustee (the "Trustee") in the above-referenced case to retain and employ Murtha Cullina as her counsel in this case pursuant to 11 U.S.C. § 327.

3. As far as I have been able to ascertain after due inquiry and upon conducting a conflict check through Murtha Cullina's conflict checking procedures, neither I nor any member or associate of Murtha Cullina holds an interest adverse to Trustee, the Debtor, or any party in interest to this estate. Neither I nor any attorney of Murtha Cullina represents an entity having an adverse interest to unsecured creditors in

10675215v1

connection with this case. Accordingly, Murtha Cullina and I are disinterested persons as defined in 11 U.S.C. § 101.

4. Murtha Cullina intends to apply to the Court for compensation for its professional services rendered and for reimbursement of expenses incurred in connection with this case pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016 and the Local Rules of this Court. While I anticipate that Attorney Robert E. Kaelin and I will perform most of the services in connection with this case, other attorneys may need to assist in various functions. Murtha Cullina's customary hourly rates for the professionals who may perform services on behalf of the Trustee are as follows:

Partner - Robert E. Kaelin reduced hourly rate of $490

Partner (Intellectual Property) – Andy Corea – $450

Counsel - Taruna Garg - $435

Associate - Benjamin Nissim - $395

Associate - Matthew Ciarleglio - $345

Associate – Chelsea Sousa - $270

5. Murtha Cullina does not hold a prepetition or other claim against the estate.

6. Murtha Cullina has neither shared, nor agreed to share with any person, compensation received in this case.

7. No member of Murtha Cullina is a relative of the bankruptcy judge approving this employment or of the United States Trustee.

8. If Murtha Cullina discovers additional information that requires disclosure, it will file a supplemental disclosure as promptly as possible.

9. Murtha Cullina is willing to accept the appointment and employment on the terms set forth herein and in the Application.

10. Murtha Cullina is presently covered for errors and omissions under a policy of insurance. The policy is in force and the firm will continue such coverage or similar coverage throughout the term of the engagement contemplated by the Trustee's application. A copy of the cover page of the insurance policy has been provided to the Trustee.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated at Stamford, Connecticut this 8th day of April, 2020.

*/s/ Taruna Garg*
Taruna Garg

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | |
|---|---|
| In re | : CHAPTER 7 |
| DONGHIA, INC., | : CASE NO. 20-30487(AMN) |
| Debtor. | : |

## ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF SPECIAL COUNSEL TO THE TRUSTEE

Upon the Application of Kara S. Rescia, Chapter 7 Trustee of the above-referenced case (the "Trustee") dated April 8, 2020, for authority to retain and employ Murtha Cullina LLP ("Murtha Cullina") to represent the Trustee as Special Counsel in this case (the "Application"), and upon the Affidavit of Taruna Garg, Esq., and it appearing that Murtha Cullina is qualified to serve as counsel to the Trustee, and this Court being satisfied that Murtha Cullina neither holds nor represents any interest adverse to the estate in connection with this proceeding and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, and that Murtha Cullina's employment is in the best interest of the estate, it is hereby ORDERED that:

a. Pursuant to 11 U.S.C. § 327, 328 and 330(a), Fed. R. Bankr. P. 2014 and D. Conn. LBR 2014-1, the Trustee is authorized to employ and retain Murtha Cullina to serve as counsel in the above-captioned proceeding and to perform all of the services described in the Application and on the terms and conditions set forth therein; and

b. Murtha Cullina shall submit applications for compensation and reimbursement of expenses in accordance with 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016 and D. Conn LBR 2016-1 and such other orders as the Court may direct.

Dated at New Haven, Connecticut, this ____ day of _____, 2020.